**DISMISS and Opinion Filed October 16, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00347-CV

**CLARA PARRISH, Appellant**

**V.**

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-05201-A**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

This appeal in a forcible detainer suit follows the trial court's final judgment awarding possession of certain property, but no damages, to appellee. Since the filing of the appeal, appellant has vacated the property, and appellee now moves to dismiss the appeal as moot. *See Olley v. HVM, L.L.C.*, 449 S.W.3d 573, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellate courts lack jurisdiction over moot controversies).

It is well-settled that the only issue in a forcible detainer suit is the right to actual possession of the premises. *See Marshall v. Housing Auth. of City of San*

*Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). As such, when the tenant vacates the property, the issue of possession becomes moot unless the tenant asserts a potentially meritorious claim for right to current, actual possession of the property. *See id.* at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)) (case becomes moot if controversy ceases to exist between parties). When the tenant vacates the property while the suit is on appeal and the judgment awards no damages, the entire case, and not just the issue of possession or appeal, becomes moot and the judgment must be vacated. *See id.* at 785.

More than ten days have passed since appellee moved to dismiss the appeal, and appellant has not filed a response or otherwise disputed appellee's contentions. Accordingly, with nothing before us showing appellant has a right to actual possession of the property, we grant appellee's motion to the extent we vacate the judgment of possession and dismiss the case. *See* TEX. R. APP. P. 43.2(e); *Marshall*, 198 S.W.3d at 785.

/Craig Smith/
CRAIG SMITH
JUSTICE

240347F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLARA PARRISH, Appellant

No. 05-24-00347-CV     V.

U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-23-05201-
A.
Opinion delivered by Justice Smith,
Justices Pedersen, III and Garcia
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial
court's final judgment of possession and **DISMISS** the case.

Judgment entered October 16, 2024